A95A0196. METRO ATLANTA TRUCKING COMPANY, INC.
et al. v. KYZER et al.
(458 SE2d 416)

SMITH, Judge.

Plaintiffs Christopher M. Kyzer, as administrator, and Larry A. Kyzer, as surviving spouse, brought this action against defendants Metro Atlanta Trucking Company, Inc. (Metro), and Johnny McFadden for the wrongful death of Ruth Kyzer. Viewing the facts most strongly to support the verdicts and judgment from which this appeal is taken, the deceased, who at the time was attempting to make a left-hand turn, was killed when one of Metro's trucks, driven by McFadden, collided with her vehicle. The evidence showed that as McFadden approached Ruth Kyzer's vehicle, he was traveling at least 73 mph in a 40-mph zone with defective brakes and no way to monitor his speed. McFadden's estimated speed at the time of impact was 48 mph.

Even taking into account McFadden's speeding, had the truck's brakes been operating properly, Ruth Kyzer *at worst* would have experienced only a minimal, non-lethal impact. Moreover, had McFadden not been speeding at the time, the truck's brakes, though seriously defective, nevertheless would have stopped McFadden's vehicle some *180 feet* short of the point of the fatal impact. Instead, the truck proceeded an additional 87 feet beyond the original point of impact, pushing Ms. Kyzer's vehicle that same distance.

The jury awarded plaintiffs $875,000 for the wrongful death of Ruth Kyzer, $50,000 for pre- and post-impact pain and suffering, and subsequently awarded $250,000 in punitive damages against defendant Metro. Metro and McFadden seek retrial based on various claims of reversible error at trial. Finding none, we affirm the judgment entered on the verdicts.

1. Defendants moved for a continuance based on the unavailability of a material witness due to health reasons. It is evident that no such continuance was granted on this basis. From the record before us, however, it is not clear whether the trial court affirmatively ruled on the motion before trial. The mere fact that the trial proceeded despite the existence of the written motion for continuance in the record cannot suffice to show that the trial court erred in failing to grant the requested continuance. " 'It was the duty of counsel to invoke a final ruling on his motion, and his failure to do so precludes our review of the motion on appeal.' [Cit.]" *Staggs v. Wang*, 185 Ga. App. 310, 312 (3) (363 SE2d 808) (1987). See generally *Tadlock v. Duncan*,

215 Ga. App. 441, 442-443 (1) (451 SE2d 80) (1994).

2. During their case in chief, plaintiffs posed the following question to the Clayton County Medical Examiner: "Based upon your medical training and experience and the facts that I have given you, do you have an opinion as to whether Ms. Kyzer experienced anticipatory pain or pre-impact fright, shock or terror even before the infliction of the injuries that you saw at autopsy?" Defendants' counsel objected, contending the question was compound, that the witness had not been qualified on this particular issue, and that it called for random speculation.

The court *sustained* the objection, ruling that a foundation must be laid and that if such a foundation were established, the questioning should nevertheless be "broken down into various components rather than into a compound question." Plaintiffs' attorney proceeded to lay that foundation, followed by voir dire from defendants' counsel, during which time no additional objections were made that were not in fact sustained. Immediately after voir dire, plaintiffs' counsel again asked, *this time without objection*, whether Ms. Kyzer "experience[d] anticipatory pain prior to the impact in this case." Since no renewed objection was made after plaintiffs offered foundation evidence, no alleged error has been preserved for appellate review. Accord *Henderson v. State*, 203 Ga. App. 733, 735 (3) (417 SE2d 413) (1992).

3. The trial court allowed plaintiffs to introduce otherwise inadmissible evidence of McFadden's driving history based on videotaped testimony presented by defendants that "Johnny (McFadden) had a clean record." See generally *Smith v. Tommy Roberts Trucking*, 209 Ga. App. 826, 829 (3) (435 SE2d 54) (1993) (evidence of a driver's past record inadmissible because prejudicial and irrelevant to issue of driver's negligence in a particular instance). We find no error.

Defendants were not entitled to represent to the jury that Metro's driver had a "clean record" if that was not in fact so, and the trial court was within its discretion in allowing plaintiffs to clarify this matter, since it was injected into the case by defendants to the plaintiffs' detriment. Moreover, to the extent plaintiffs may have misled the jury regarding a prior offense on which McFadden entered a plea of nolo contendere rather than guilty, we find no error necessarily warranting mistrial in light of the court's curative instructions on the issue. See, e.g., *Ross v. Hagler*, 209 Ga. App. 201, 203 (1) (433 SE2d 124) (1993).

4. Defendants unsuccessfully moved for mistrial after plaintiffs asked a witness an improper question (which was never answered) regarding an accident reconstructionist retained by defendants but not called to testify. Although "we cannot say the other evidence in this case demands the verdict, it is clear that the other evidence does support the verdict, and it therefore cannot be said that the effect of the

question itself was manifestly prejudicial to the [defendants] so as to require a reversal or that the denial of a mistrial on the basis of this improper question resulted in an unfair trial." (Citations and punctuation omitted.) *Morgan v. Hawkins*, 155 Ga. App. 836, 839 (3) (273 SE2d 221) (1980). We find no error.

5. Ms. Kyzer's duty to stop at the stop sign placed at the intersection and to yield to oncoming traffic was beyond all dispute, and the trial court properly charged the jury on this relatively simple matter. Nevertheless, defendants contend the trial court erred in failing to give their requests to charge on the same basic principle as applied specifically to a "through highway" and a "through street." See OCGA §§ 40-1-1 (64), 40-6-70 (b); *Lee v. Bartusek*, 205 Ga. App. 551, 552-553 (2) (422 SE2d 570) (1992). We fail to see how defendants' requests could have possibly clarified the matter further and therefore find no reversible error on this basis.

6. Defendants' remaining enumerations are without merit.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JUNE 20, 1995 —

*Swift, Currie, McGhee & Hiers, Jonathan M. Engram*, for appellants.

*Butler, Wooten, Overby & Cheeley, George W. Fryhofer III, Keith A. Pittman, Freeman & Hawkins, J. Bruce Welch, Bondurant, Mixon & Elmore, Michael A. Sullivan*, for appellees.