A05A2042. ALVAREZ v. THE STATE.
(622 SE2d 453)

BLACKBURN, Presiding Judge.

Raul Alvarez appeals his conviction of child molestation, following a jury trial, contending that the evidence was insufficient to support the verdict and that the trial court erred in denying his motions for a new trial and a continuance. We affirm.

1. We first address Alvarez's contention that the trial court erred in denying his motion for new trial because the evidence was insufficient to support his conviction. When evaluating the sufficiency of the evidence, the proper standard of review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia.*[1] This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the factfinder's assessment of the weight and the credibility of the evidence. *Escutia v. State.*[2]

Viewed in this light, the evidence shows that from August 2003 to November 2003, nine-year-old K. K. was living with her grandmother and Raul Alvarez, her stepgrandfather. K. K. testified that Alvarez touched her on her breasts, buttocks, and "privates." She also testified that Alvarez "put a condom on his privates and put his privates inside hers."[3] She reported the incidents to her school's principal and reiterated them to an interviewer with the Child Advocacy Center. She further told the interviewer that Alvarez forced her to watch pornographic videos. A videotape of the interview was

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).
[2] *Escutia v. State*, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003).
[3] We do not address Alvarez's failure to be indicted and tried for the offense of rape or statutory rape.

admitted into evidence and played for the jury, but neither the tape nor a transcript thereof were included in the record on appeal.[4] "It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." (Citations and punctuation omitted.) *Lugo v. State.*[5] In addition, a physician who examined K. K. testified that she exhibited physical signs of subjection to repeated sexual contact.

Based on this evidence, we conclude that a rational trier of fact could have found Alvarez guilty of child molestation beyond a reasonable doubt. *Jackson*, supra; *Lugo*, supra. Accordingly, we affirm the trial court's verdict and the denial of Alvarez's motion for a new trial.

2. Alvarez also contends that the trial court erred in denying his motion for a continuance and that his defense was prejudiced by this ruling. We hold that Alvarez waived any error.

The day before the trial began, Alvarez's counsel moved for a continuance on the grounds that he was not able to interview all of the State's witnesses and that a defense witness would not be able to testify the week of the trial due to health problems. The next day, when the case was called for trial, Alvarez's counsel did not raise the issue but instead announced that he was ready to proceed.

Alvarez's failure to invoke a ruling on his motion rendered the issue unreviewable on appeal. See *Metro Atlanta Trucking Co. v. Kyzer.*[6] Moreover, "[t]he announcement of ready constitutes a waiver of [Alvarez's] right to a continuance." (Punctuation omitted.) *Walton v. State.*[7] See *Mercier v. State.*[8] Accordingly, we hold that Alvarez waived his motion for a continuance.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 25, 2005.

*Richard M. Nichols*, for appellant.

---

[4] We note that the videotape was not included in the record despite the fact that Alvarez's notice of appeal requested that the clerk omit nothing. Inasmuch as Alvarez did not object to the videotape's admission into evidence at trial and does not now raise the issue of its omission from the record, we do not directly address this issue.

[5] *Lugo v. State*, 275 Ga. App. 354 (620 SE2d 591) (2005).

[6] *Metro Atlanta Trucking Co. v. Kyzer*, 217 Ga. App. 630 (1) (458 SE2d 416) (1995).

[7] *Walton v. State*, 242 Ga. App. 639, 640 (1) (530 SE2d 531) (2000).

[8] *Mercier v. State*, 203 Ga. App. 494, 495 (3) (417 SE2d 430) (1992).

*Richard E. Currie, District Attorney, Kurt J. Martin, Assistant District Attorney*, for appellee.