A06A1158. AHN v. THE STATE.
(631 SE2d 711)

BLACKBURN, Presiding Judge.

Eun Juong Ahn appeals her jury-trial conviction for keeping a place of prostitution. She challenges the sufficiency of the evidence and argues that the court erred in a jury charge on the general definition of a crime. We hold that the evidence sufficed to sustain Ahn's conviction and that the jury charge was not erroneous. Accordingly, we affirm.

1. When evaluating the sufficiency of the evidence, we consider whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*.[1] We do not reweigh evidence or resolve conflicts in testimony; instead, we review the evidence in a light most favorable to the verdict, with deference to the factfinder's assessment of the weight and the credibility of the evidence. *Alvarez v. State*.[2]

So construed, the evidence shows that after receiving reports of prostitution at the New Spa massage business, an undercover police

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Alvarez v. State*, 276 Ga. App. 105 (1) (622 SE2d 453) (2005).

officer visited the establishment for a massage. Acting as if she were in charge, Ahn greeted the officer and turned him over to a spa employee. The spa employee not only touched the officer's genitals during the massage procedure, but eventually offered masturbation and oral sex services for specified prices. After the officer declined and exited the premises, officers waiting nearby entered and arrested the spa employee. Because Ahn acted as the manager or owner of the business in her dealings with the officers, police also arrested her.

The spa employee was charged with two counts of prostitution, and Ahn was charged with keeping a place of prostitution. The spa employee pled guilty and testified at Ahn's trial that Ahn had recently hired her to be a prostitute at New Spa and that she had accordingly provided repeated prostitution services at the business. She testified that Ahn was keenly aware of her activities as a prostitute on the premises; for example, not only did the two women split the money received for the employee's sexual services, but on the day the undercover officer came into the business, Ahn pressured the employee to offer sexual services to the officer, despite the employee's suspicion that the officer was associated with the police. The employee further testified that others also worked for Ahn as prostitutes on the premises. Certified copies of public documents showed that Ahn represented that she owned the business and its business license.

OCGA § 16-6-10 provides: "A person having or exercising control over the use of any place or conveyance which would offer seclusion or shelter for the practice of prostitution commits the offense of keeping a place of prostitution when he knowingly grants or permits the use of such place for the purpose of prostitution." The evidence showing Ahn's ownership and management of the New Spa business where she encouraged, supervised, and received money for the prostitution activities of her employees on the premises provided a more than sufficient basis for her conviction. See *Shealy v. State*.[3]

2. Ahn argues that the court erred by giving the jury the general jury instruction on the definition of a "crime" as set forth in OCGA § 16-2-1 (a), which provides: "A 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." Ahn contends that the reference to "criminal negligence" allowed the jury to find her guilty without first finding that she *knowingly* permitted the use of her business premises for the purpose of prostitution.

Ahn ignores, however, the extensive instructions given to the jury that emphasized the requirement for finding that she knew of

---

[3] *Shealy v. State*, 142 Ga. App. 850 (2) (237 SE2d 207) (1977).

the prostitution activities at her business place before the jury could return a verdict of guilt. See *Massengale v. State*[4] (appellate court must review jury charges in their entirety to determine if reference to "criminal negligence" was error). After reading to the jury the accusation that alleged that Ahn knowingly permitted the use of her place for the purpose of prostitution, the court not only charged that "[n]o person shall be convicted of any crime unless and until each element of the crime as charged is proven beyond a reasonable doubt," but the court later defined the crime of keeping a place of prostitution as requiring such a showing of knowledge by Ahn. The court further charged:

> Knowledge on the part of the defendant that the crime of keeping the place of prostitution was being committed and that the defendant knowingly and intentionally participated in or helped in the commission of such crime must be proved by the State beyond a reasonable doubt.
>
> If you find from the evidence in this case that the defendant had no knowledge that a crime was being committed or that the defendant did not knowingly and intentionally commit or participate or help in the commission of the alleged offense, then it would be your duty to acquit the defendant.
>
> On the other hand, should you find beyond a reasonable doubt that the defendant had knowledge that the crime of keeping a place of prostitution was being committed and that the defendant knowingly and intentionally participated or helped in the commission of it, then you would be authorized to convict the defendant.

When the court charges the jury on the required elements of the crime at issue (including the element of intent), and does not charge the jury that criminal negligence could substitute for the criminal intent required for the offense, the trial court does not err by giving the jury the OCGA § 16-2-1 charge on the definition of a crime that references criminal negligence. *Mize v. State*;[5] *Holmes v. State*.[6] Accordingly, we discern no error here.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

[4] *Massengale v. State*, 189 Ga. App. 877, 879 (2) (377 SE2d 882) (1989).
[5] *Mize v. State*, 277 Ga. 148, 149 (2) (586 SE2d 648) (2003).
[6] *Holmes v. State*, 272 Ga. 517, 519-520 (7) (529 SE2d 879) (2000).

DECIDED MAY 3, 2006 —
RECONSIDERATION DENIED MAY 22, 2006.

*Larson & Wasley, Stephen J. Wasley,* for appellant.
*Gregory R. Barton, Solicitor-General, Evelyn Proctor, Assistant Solicitor-General,* for appellee.