**FIFTH DIVISION
MCFADDEN, P. J.,
BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 15, 2018**

# In the Court of Appeals of Georgia

A17A1839. ERICKSON v. BANK OF AMERICA, N. A. et al.

MCFADDEN, Presiding Judge.

This appeal is from a trial court order granting summary judgment to Bank of America, N. A., on its complaint for declaratory judgment and equitable reformation of a security deed and on a counterclaim brought against it. Because there are no genuine issues of material fact as to the counterclaim, the trial court correctly granted summary judgment on that claim. But because Bank of America is no longer the holder of the security deed that provided the basis for its complaint, the trial court erred in awarding the bank summary judgment on that complaint. Accordingly, we affirm in part and reverse in part.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). "On appeal from the grant of summary judgment, the appellate court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Bank of America, N. A. v. Cuneo*, 332 Ga. App. 73, 74 (770 SE2d 48) (2015) (citation and punctuation omitted).

So viewed, the evidence shows that Jerry and Sarah Erickson obtained title to a piece of property located in Cobb County via a warranty deed signed on March 30, 2000, and recorded in the county deed records on April 7, 2000. In April 2007, the Ericksons obtained a loan on the property, executing a promissory note in the principal amount of $248,000 in favor of Countrywide Home Loans, Inc., and securing the note with a security deed granted to Mortgage Electronic Registration Systems, Inc. ("MERS"). On December 10, 2010, Sarah Erickson filed in the county deed records a notice of her purported right to cancel the loan, including any security interests, under the federal Truth in Lending Act, and a notice of appointment of a successor trustee. On December 20, 2010 and January 4, 2011, Sarah Erickson filed in the county records two notices of lis pendens on the property. In July 2011, after

a merger of companies and an assignment of the security deed, Bank of America became the holder of the security deed.

In August 2011, Bank of America filed a complaint against the Ericksons seeking declaratory judgment and equitable reformation of the security deed. The declaratory judgment count sought declarations that the security deed remained in full force and effect as the notices filed by Sarah Erickson were void and that the Ericksons were obligated to pay all sums secured by the deed. The equitable reformation count sought to reform the security deed by replacing the description of the property therein with a more complete description.

Sarah Erickson filed an answer, counterclaims against Bank of America, and purported counterclaims and third-party claims against Countrywide and MERS.[1] In January 2016, Bank of America, Countrywide, and MERS, jointly moved for summary judgment as to the bank's complaint and as to Sarah Erickson's various counterclaims and third-party claims. Sarah Erickson (hereinafter, "Erickson") filed no response to the motion for summary judgment.

---

[1] The bank filed a default certificate in the trial court stating that Jerry Erickson had been personally served, but had filed no defensive pleadings in the case. Sarah Erickson states on appeal that she and Jerry Erickson are divorced and that he has not participated in the litigation.

On September 26, 2016, a hearing was held on the summary judgment motion. At the start of the hearing, counsel for Bank of America, who also represented Countrywide and MERS, informed the trial court that the bank was no longer the holder of the security deed, having assigned its interest in the deed to the Federal National Mortgage Association. Counsel told the court that the bank could not move forward with its original complaint since it was no longer the real party in interest, that he would like time to file a motion to substitute the real party in interest or to voluntarily dismiss the complaint without prejudice, but that he still wanted to proceed with argument on the motion for summary judgment as it pertained to Erickson's counterclaims and third-party claims. At the conclusion of the hearing, the attorney for Bank of America, Countrywide, and MERS reiterated that he was only asking for summary judgment on Erickson's various claims against his clients and that he would either substitute the real party in interest on the bank's complaint or dismiss that action without prejudice. The trial judge then orally announced that he was granting the motion for summary judgment as to Erickson's claims; he directed counsel for the movants to submit an order to that effect; and the judge pronounced that "[a]s far as the case in chief, whoever has the loan now will have to pursue it."

4

Over six months after the hearing, in April 2017, the trial court signed and entered the order submitted by counsel for Bank of America, Countrywide, and MERS. As announced at the hearing, the order granted summary judgment to the movants as to the counterclaims and third-party claims brought by Erickson. But contrary to what had been argued and announced at the hearing, the order also granted summary judgment to Bank of America on the claims for declaratory judgment and reformation of the security deed that it had asserted in the original complaint. Erickson appeals.

1. *Summary judgment to Bank of America on its complaint.*

In several different enumerations of error, Erickson argues that the trial court erred in granting summary judgment to Bank of America on its complaint for declaratory judgment and reformation of the security deed because it lacked standing to pursue those claims after it had transferred its interest in the security deed to another entity. We agree.

> OCGA § 9-11-25 (c) provides that in any case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. This subsection vests discretion in the trial judge to allow the original plaintiff to continue suit either alone or joined by the interest transferee when the transfer of interest occurred after the filing of the

5

suit. Thus, OCGA § 9-11-25 (c) contemplates a transfer of interest, during the litigation, from one who is a party to the case to one who is not. . . . However OCGA § 9-11-25 (c), when operative, does not automatically authorize the continuance of an original action in all cases following the transfer of an interest. If a cause of action does not survive a subsequent transfer of interest, OCGA § 9-11-25 (c), standing alone, would not revive it.

*Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 575 (3) (a) (377 SE2d 15) (1988) (citations, punctuation, and emphasis omitted). As our Supreme Court has explained, OCGA § 9-11-25 (c) "does not determine what actions shall survive the transfer of interest by a party; it deals only with the mechanics of substitution in an action which does survive under the applicable substantive law." *Goodyear v. Trust Co. Bank*, 248 Ga. 407, 408 (284 SE2d 6) (1981) (citation and punctuation omitted).

Under the applicable substantive law, Bank of America's action for declaratory judgment and reformation of the security deed did not survive the transfer of its interest in that security deed, which provided the basis for its action, to another entity. With regard to the claim seeking equitable reformation of the security deed, "this equitable remedy is limited to those who are either parties to the original deed or are in privity with such original parties." *Moore v. McBryar*, 290 Ga. App. 725, 728 (659 SE2d 789) (2008) (citation omitted). Accord *Harvey v. Bank One, N. A.*, 290 Ga.

6

App. 55, 56 (1) (658 SE2d 824) (2008) (nonparty to a security deed lacks standing to challenge its validity). Bank of America was not an original party to the security deed and no longer has any interest in the deed after having transferred such interest to another entity. Accordingly, "we find that [Bank of America] has no standing to seek reformation of the deed[] because [it] is neither a party nor is [it] in privity with a party to that transaction." *Moore*, supra at 728-729.

As for the declaratory judgment count of the complaint, since Bank of America no longer has any interest in the security deed, its claim for "declaratory judgment based upon [its] status as a [holder of the deed] would now be moot." *Goodyear*, supra (citation and punctuation omitted). See also *SJN Properties v. Fulton County Bd. of Assessors*, 296 Ga. 793, 802-803 (2) (b) (iii) (770 SE2d 832) (2015) (declaratory relief is proper only where there is an actual controversy and the party seeking such relief faces uncertainty as to rights, status, or legal relations, upon which its future conduct depends). Because Bank of America's declaratory judgment action did not survive the transfer of its interest in the security deed, the trial court erred in granting summary judgment on that claim.

2. *Motion for continuance.*

Erickson contends that the trial court erred in failing to grant her motion for a continuance of the summary judgment hearing, in which she asked the court to remove her counsel of record and give her additional time to hire new counsel. Erickson filed the motion three days before the hearing and she appeared at the hearing, but she failed to invoke a ruling by the court on the motion.

> The mere fact that the [hearing] proceeded despite the existence of the written motion for continuance in the record cannot suffice to show that the trial court erred in failing to grant the requested continuance. It was the duty of [Erickson] to invoke a final ruling on [her] motion, and [her] failure to do so precludes our review of the motion on appeal.

*Metro Atlanta Trucking Co. v. Kyzer*, 217 Ga. App. 630 (1) (458 SE2d 416) (1995) (citations and punctuation omitted). Accord *Hilliard v. J. C. Bradford & Co.*, 229 Ga. App. 336, 339 (1) (b) (494 SE2d 38) (1997) (failure to invoke ruling on a motion precludes appellate review of the motion).

3. *Summary judgment on counterclaim.*

Erickson challenges the grant of summary judgment as to her counterclaim that the loan had been rescinded under the federal Truth in Lending Act, 15 USC § 1601 et seq. She cites *Jesinoski v. Countrywide Home Loans*, ___ U. S. ___ (135 SCt 790, 190 LE2d 650) (2015) and other cases for the proposition that all a home mortgagor

must do in order to exercise the right to rescind a loan under the Act is provide written notice to the lender within three years of the date the transaction was consummated. But the appellees have pointed to evidence showing that Erickson did not provide such notice to the lender within three years and thus there was no timely rescission. Erickson therefore "cannot rest on [her] pleadings, but rather must point to specific evidence giving rise to a triable issue.*" Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted). Erickson, however, has not pointed to any such specific evidence creating a genuine issue of material fact. Accordingly, she has failed to show that the trial court erred in granting summary judgment on the counterclaim.

*Judgment affirmed in part and reversed in part. Branch and Bethel, JJ., concur.*