S00A0103. HOLMES v. THE STATE.
(529 SE2d 879)

HUNSTEIN, Justice.

Appellant Terry Dewayne Holmes was convicted of malice murder, felony murder, and aggravated assault arising from the shooting death of Rosa Barnes and wounding of Walter Thomas.[1] Holmes appeals from his convictions and we affirm.

1. The evidence presented at trial authorized the jury to find that throughout the night of the crimes, appellant and his codefendants, Lorenzo Lindsey and Theodore Allen, were driving in a white Toronado loaned to appellant by a friend. They decided to commit a drive-by shooting and chose to make the residence of Rosa Barnes their target. Multiple gunshots were fired into the home, striking

---

[1] The crimes occurred on July 11, 1997. Holmes was tried on October 21-28, 1997. On November 4, 1997, he was sentenced to life imprisonment for malice murder and a consecutive twenty year sentence for aggravated assault. The felony murder conviction was vacated by operation of law. See OCGA § 16-1-7. Holmes filed a motion for new trial on November 10, 1997 which was amended on June 8, 1999. His new trial motion was denied on July 6, 1999. A notice of appeal was filed on July 12, 1999; the case was docketed in the Court of Appeals and transferred to this Court on September 23, 1999. The appeal was docketed in this Court on September 30, 1999 and submitted for decision on the briefs on November 22, 1999.

Barnes in the chest and killing her. Walter Thomas, who was outside the house, was wounded. After the shooting, appellant attempted to dispose of the white car but got it stuck on railroad tracks where he abandoned it. Crime scene technicians found a cartridge casing in the car which appeared to be the same type as used to shoot Barnes and Thomas. Viewed in the light most favorable to the verdict, we find the evidence was sufficient to convict appellant of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred in denying his motion to sever his trial from that of his codefendants because their defenses were antagonistic. The mere fact that codefendants' defenses are antagonistic is not sufficient in itself to warrant the grant of a separate trial absent a showing of harm. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). In this case, even assuming, arguendo, the existence of antagonistic defenses, there has been no showing of harm. Contrary to appellant's contention, he was not harmed by the improper admission into evidence of testimony that an unidentified person at the crime scene stated that Lindsey was the shooter. See *Lindsey v. State*, 271 Ga. 657 (2) (522 SE2d 459) (1999). Accordingly, the trial court did not abuse its discretion by denying appellant's motion to sever. See *Chapman v. State*, 263 Ga. 393 (2) (435 SE2d 202) (1993).

3. Appellant argues the trial court erred in denying his motion for mistrial after a State's witness improperly placed his character in issue. The witness, a police investigator, testified he learned from the woman who owned the vehicle used in the shooting that she gave the vehicle to someone named Terry; the investigation then led police to appellant because another investigator recalled appellant's name from a previous investigation in that neighborhood. The witness' statement appears to have been inadvertent and conveyed to the jury only that appellant had been involved in some capacity in a previous case. It was not clear from the challenged testimony whether appellant was a suspect or witness in the previous investigation and there was nothing in the statement indicating that appellant had been convicted of a crime. Considering the nature of the statement, the evidence of appellant's guilt, and the trial court's instruction to the witness and the State to avoid further reference to the matter, we find no abuse of the trial court's discretion. See *White v. State*, 268 Ga. 28 (4) (486 SE2d 338) (1997); *Guess v. State*, 264 Ga. 335 (4) (443 SE2d 477) (1994).

4. Appellant raises two arguments regarding the testimony of Marcus Taylor.

(a) The State learned of Taylor's identity after the start of trial, alerted the court and defense counsel to his possible use as a rebuttal

witness and informed them when the State decided to call Taylor as a witness. The trial court ordered a recess to allow defense counsel time to interview Taylor. The trial court overruled appellant's objection, raised for the first time when the State called Taylor and denied his subsequent motion for a mistrial.

We find no error in the trial court's ruling allowing Taylor to testify though he was not included on the State's pretrial witness lists. A trial court may allow a witness to testify even though not listed as a witness if the defense is provided a reasonable opportunity to interview the witness before testimony is given. *Thrasher v. State*, 265 Ga. 401 (3) (456 SE2d 578) (1995).

(b) We find no error in the trial court's denial of appellant's motion to preclude Taylor from testifying based on his presence during part of the trial. A violation of the rule of sequestration effects not the admissibility of the witness' testimony but the weight and credit to be given such testimony. *Johnson v. State*, 258 Ga. 856 (4) (376 SE2d 356) (1989). The jury was properly instructed in this regard.

5. We find no merit to appellant's assertion that his convictions for felony murder and aggravated assault must be reversed because they are inconsistent with his acquittal on the charges of possession of a firearm and criminal damage to property. The inconsistent verdict rule has been abolished in Georgia. *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986). With regard to his conviction of felony murder, the argument is moot because that conviction was vacated by operation of law. See OCGA § 16-1-7.

6. The trial court did not err in charging the jury on the law of conspiracy. It is not error to charge on the subject of conspiracy when the evidence tends to show a conspiracy, even if a conspiracy is not alleged in the indictment. *Agnew v. State*, 267 Ga. 589, 591 (2) (481 SE2d 516) (1997). "Indeed, 'the trial court has a duty, even in the absence of a request, to charge the jury the law as to every substantial and vital issue in the case. . . .' [Cit.]" Id. The evidence in this case supported the inference that appellant and his codefendants planned to commit a drive-by shooting and afterwards dispose of the vehicle. A charge on the law of conspiracy was authorized by this evidence.

7. The trial court properly charged the jury on the definition of criminal negligence as part of its general charge on the definition of a crime. The trial court specifically instructed the jury on the required elements of the offense of aggravated assault, including the instruction that in order to convict it must find either "an intention to commit injury on another person" or "that the other person was intentionally placed in reasonable apprehension of immediately receiving a violent injury." Unlike the charge in *Dunagan v. State*, 269 Ga. 590,

591 (502 SE2d 726) (1998), overruled on other grounds, *Parker v. State*, 270 Ga. 256 (4) (507 SE2d 744) (1998), the trial court did not instruct the jury that criminal negligence could substitute for criminal intent in the commission of an aggravated assault.

8. In two enumerations of error appellant alleges ineffective assistance of trial counsel. In order to prevail on a claim of ineffective assistance of trial counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The defendant must overcome the strong presumption that counsel's performance fell within a broad range of reasonable professional conduct and must show that there is a reasonable probability that, absent counsel's deficiency, the result of the trial would have been different. *Cross v. State*, 271 Ga. 427 (3) (520 SE2d 457) (1999). Appellant failed to carry his burden.

Appellant contends trial counsel was ineffective for failing to interview witnesses or obtain the services of an investigator to do so. Trial counsel testified at the motion for new trial hearing that he interviewed several witnesses whose names were given to him by appellant but none of these witnesses would have provided testimony helpful to appellant. As to other names appellant said he provided to counsel, trial counsel testified he had never before been provided the names of these potential witnesses. Trial counsel's decision not to call certain witnesses to testify at trial is a matter of trial tactics and strategy and whether such tactics are reasonable is a question of law. *Dewberry v. State*, 271 Ga. 624 (2) (523 SE2d 26) (1999). The trial court was authorized to find that the decision not to call witnesses who would provide unfavorable testimony or who were never identified to trial counsel was a reasonable defense strategy for appellant's counsel to pursue.

Appellant also asserts trial counsel was ineffective for failing to move for a continuance or withdraw from representation when he learned he had represented the State's rebuttal witness, Marcus Taylor, in another case. To prevail on a claim of conflict of interest, a defendant must demonstrate that his attorney actually represented conflicting interests. *Strickland*, supra. Here, the record reflects that appellant's trial counsel had once been appointed to represent Taylor but did not meet or speak with Taylor before another attorney took over his representation. There being no evidence of an actual conflict of interest, we find the trial court did not err in denying appellant's motion for new trial on this ground.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 8, 2000 —
RECONSIDERATION DENIED JUNE 30, 2000.

*William J. Sussman*, for appellant.
*Daniel J. Craig, District Attorney, Thurbert E. Baker, Attorney General*, for appellee.