## S03A0931. MIZE v. THE STATE.
(586 SE2d 648)

HUNSTEIN, Justice.

James Mize was indicted on charges of malice murder, felony murder based on an aggravated assault, two additional counts of aggravated assault, and three counts of possession of a firearm during the commission of a crime. The jury acquitted Mize of malice murder and found him guilty of the remaining counts. The trial court entered judgments of conviction and sentenced Mize to life imprisonment and a consecutive 15-year term. Mize appeals from the denial of his amended motion for new trial.[1] Finding no reversible error, we affirm.

1. Evidence adduced at trial authorized a jury to find that on September 14, 2001, Mize killed William Smith by shooting him four times. The murder occurred at the Hutcheson Road Hunting Club located in Glascock County. On the evening in question, Mize joined Smith, Smith's son Billy and Billy's friend, Brian Orr, at their campsite to eat dinner. Smith had never met Mize until that day. While socializing, Mize became intoxicated (Mize told police that he had consumed 12 beers and a half-pint of tequila) and fought with Billy. After the altercation, Mize walked over to his pickup truck and Smith joined him at the truck. Billy and Orr overheard Smith talking to Mize in "conversational tones." Shortly thereafter they heard numerous gunshots and as they rushed forward they saw Mize pointing the .22 caliber Luger he wore holstered to his waist at Smith, who had fallen to the ground. Mize pointed the gun at Billy and Orr and said "I see you, I see you!" Orr distracted Mize while Billy knocked him to the ground. Smith died from four gunshot wounds, three to his chest and one to his abdomen. The forensic pathologist noted that one bullet caused a paralyzing injury to Smith's spinal cord and further noted that based on the bullet trajectories during the time the shots were fired, "there was some change in position of either the person doing the shooting or the person being shot." A firearms expert testified that the Luger had been fired six times and that the trigger of the weapon had to be pulled each time the weapon fired. At trial, Mize claimed that he shot Smith in self-defense after Smith attempted to grab Mize's gun from the holster. He contended that the gun fired accidentally when the men wrestled and the gun became

---

[1] The crimes occurred on September 14, 2001 in Glascock County. The grand jury returned the indictment on February 21, 2002. The jury found Mize guilty on May 22, 2002 and the trial court entered the judgment of conviction on that same day. Mize filed a motion for new trial on May 24, 2002, and amended the motion on December 30, 2002. The trial court denied the motion on February 5, 2003. Mize filed a notice of appeal on February 26, 2003. The case was docketed in this Court on March 12, 2003 and orally argued on June 9, 2003.

wedged in a metal brace Mize wore to protect his wrist.

This evidence was sufficient to enable a rational trier of fact to find proof of appellant's guilt of felony murder, the aggravated assaults and possession of a firearm during the commission of the crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Voyles v. State*, 249 Ga. 783 (294 SE2d 502) (1982).

2. Appellant complains that the trial court's instructions, taken as a whole, permitted the jury to convict him of felony murder based upon criminal negligence. See *Dunagan v. State*, 269 Ga. 590 (2) (502 SE2d 726) (1998) (jury charge that improperly substitutes criminal negligence for criminal intent as an element of the crime of aggravated assault is error). The trial transcript reflects that the court properly charged the jury on the definition of criminal negligence as part of its general charge on the definition of a crime, see *Holmes v. State*, 272 Ga. 517 (7) (529 SE2d 879) (2000), and expressly instructed the jury on the required elements of the offense of aggravated assault. Unlike the charge in *Dunagan* the trial court did not instruct the jury that criminal negligence could substitute for criminal intent in the commission of an aggravated assault. *Holmes*, supra.

3. Mize contends that the trial court erred in failing to give the jury a requested charge on OCGA § 16-5-3 (b) (involuntary manslaughter in the commission of a lawful act in an unlawful manner). A charge on involuntary manslaughter in the course of a lawful act is not required in a situation where a defendant asserting self-defense kills another with a firearm. *Morgan v. State*, 275 Ga. 222 (6) (564 SE2d 192) (2002); *Clark v. State*, 271 Ga. 27 (2) (518 SE2d 117) (1999). Here, Mize asserted during his trial testimony that he acted in self-defense; in closing argument, defense counsel importuned the jury to accept Mize's claim of self-defense; and the jury was instructed on self-defense and accident. Accordingly, the trial court was under no obligation to charge on involuntary manslaughter. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003 —
RECONSIDERATION DENIED OCTOBER 6, 2003.

*Garrett & Gilliard, Michael C. Garrett, Bross & Saginar, Edwin M. Saginar*, for appellant.

*Dennis C. Sanders, District Attorney, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General*, for appellee.