## S09C2010. JACKSON v. THE STATE.
(688 SE2d 351)

NAHMIAS, Justice.

The Court of Appeals affirmed the trial court's denial of Anthony Otto Jackson's pro se motion to vacate void judgment with respect to his 1996 convictions for armed robbery, burglary, and false imprisonment and his sentence. Jackson notified the Clerk of the Court of Appeals that he had been transferred to a different prison, but the Clerk continued to send correspondence to him at his old address. As a result, by the time Jackson received the Court of Appeals' opinion, the deadline for him to file a motion for reconsideration had passed. See Georgia Court of Appeals Rule 37 (b) ("Motions for reconsideration must be physically received in the Court for filing within 10 days of the order or judgment for which reconsideration is sought. See Rule 4 (b). No extension of time shall be granted except for providential cause on written motion made before the expiration of 10 days.").

Jackson then contacted the Clerk of the Court of Appeals. The Clerk wrote a letter to Jackson acknowledging the error in his office, advising Jackson that the remittitur from the Court of Appeals to the trial court had already issued, and stating that the Court of Appeals no longer had authority to recall the remittitur and consider a motion for reconsideration. The Clerk noted that Jackson could file a petition for writ of certiorari in this Court and request that we grant the petition and remand the case to the Court of Appeals with direction to recall the remittitur. Jackson then filed his petition for writ of certiorari, attaching the letter from the Clerk.

The petition for certiorari that Jackson filed was untimely, and under normal circumstances we would dismiss it. See Supreme Court Rule 38 (2) ("The petition for certiorari shall be filed with the Clerk of the Supreme Court within 20 days after the date of entry of judgment or the date of the disposition of the motion for reconsideration, if one is filed . . . ."). See also Supreme Court Rule 12 ("Extensions of time for filing petitions for certiorari, applications, and motions for reconsideration will be granted only in unusual circumstances and only if the request is filed before the time for filing the pleading has expired."). The Court of Appeals affirmed the denial of Jackson's motion to vacate his convictions on May 19, 2009, and the petition for writ of certiorari was not filed in this Court until August 17, 2009, long after the 20-day deadline passed. Because the deadlines are mandated by our own Court Rules, not statute, compare OCGA § 5-6-15 ("The writ of certiorari shall lie from the Supreme Court to the Court of Appeals as provided by Article VI, Section VI, Paragraph V of the Constitution of this state."), with OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days

after entry of the appealable decision or judgment complained of . . . ."), and in light of the very unusual situation presented by this petition, we exercise our discretion to make an exception to our deadlines.

At the outset, we address whether the Court of Appeals had the power to recall the remittitur of its own accord, without direction from this Court. There is some case law suggesting that neither this Court nor the Court of Appeals has the power to recall a remittitur once it has been issued. See, e.g., *Hagan v. Robert & Co. Assocs.*, 222 Ga. 469, 470 (150 SE2d 663) (1966); *Zorn v. Lamar*, 71 Ga. 85, 86-87 (1883). However, there is contrary authority from this Court as well, see *David G. Brown, P.E., Inc. v. Kent*, 274 Ga. 849, 849 (561 SE2d 89) (2002); *Hawk v. Western & A.R. Co.*, 146 Ga. 373, 373 (91 SE 115) (1917), and the same power is now firmly established in the federal system, see *Calderon v. Thompson*, 523 U. S. 538, 549-550 (118 SC 1489, 140 LE2d 728) (1998). Indeed, the authority of an appellate court to recall the remittitur, or mandate as it is called in the federal system, is an accepted feature of modern appellate practice. See 16 Arthur R. Miller & Edward H. Cooper, *Wright & Miller's Federal Practice & Procedure — Jurisdiction & Related Matters* (2d ed.), § 3938. Accordingly, we hold that this Court and the Court of Appeals have the power to recall the remittitur.

The next issue is whether the remittitur should be recalled in this case. To recall the remittitur is an extraordinary remedy to be exercised only sparingly. Nevertheless, recalling the remittitur is appropriate where, as here, the appellate court has, by its own mistake, unintentionally deprived a party of appellate review that the law otherwise permits. See, e.g., *Seaboard Air-Line Railway v. Jones*, 119 Ga. 907, 907 (47 SE 320) (1904) (recognizing exception to general rule prohibiting recall of remittitur "where the remittitur has been transmitted as the result of a mistake, irregularity, inadvertence, fraud, or the like"). Accordingly, we grant Jackson's petition for writ of certiorari and remand the case to the Court of Appeals with direction to recall the remittitur.

We express no opinion on whether the Court of Appeals should grant a motion for reconsideration if one is filed. However, should a motion for reconsideration be filed, and should the Court of Appeals decide, in its discretion, to grant the motion, the court should consider our recent decision in *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009) (overruling Division 2 of *Chester v. State*, 284 Ga. 162 (664 SE2d 220) (2008), pertaining to motions to vacate void convictions, but leaving undisturbed Division 1 of *Chester*, pertaining to motions to vacate void sentences).

*Petition granted and case remanded with direction. All the Justices concur.*

DECIDED JANUARY 25, 2010.

Anthony O. Jackson, *pro se.*
*Joseph K. Mulholland, District Attorney*, for appellee.