A11A0721. HOLCOMB v. THE STATE.

(714 SE2d 407)

DOYLE, Judge.

This appeal arises from charges filed against John Holcomb in connection with the shooting death of Bruce Knowles. The grand jury returned a four-count indictment against Holcomb, which charged him (1) with malice murder because he "did with malice

---

aforethought cause the death of Bruce Knowles . . . by shooting him with a handgun"; (2) with felony murder because he "did while in the commission of a felony, to wit: aggravated assault, cause the death of Bruce Knowles . . . by shooting him with a handgun"; (3) with aggravated assault because he "did then and there unlawfully make an assault upon the person of Bruce Knowles with a firearm, a deadly weapon, by shooting [him] with said firearm"; and (4) with possession of "a Browning .25 caliber handgun during the commission of the crimes of Aggravated Assault and Murder [of] Bruce Knowles."

After a jury trial, Holcomb was convicted of involuntary manslaughter as a lesser-included offense,[1] aggravated assault,[2] and possession of a firearm during the commission of a crime.[3] The jury acquitted him of malice murder and felony murder.[4] On appeal, Holcomb contends that the trial court erred by denying his motion for new trial on the ground that the jury returned mutually exclusive verdicts of aggravated assault and involuntary manslaughter without specifying the methodology upon which the verdicts were based. In its brief on appeal, the State agrees with Holcomb and recommends reversing the verdict. We agree and reverse for the reasons that follow.

1. The evidence presented at trial shows that Holcomb, Knowles, and a third friend engaged in a day of drinking together. In the early evening, Holcomb decided to leave the establishment where the three were drinking and walked out to his motorcycle. Knowles and his friend attempted to prevent Holcomb from driving away due to his level of intoxication, but Holcomb became angry and retrieved his handgun from his motorcycle. Holcomb fired two shots in the air, and a third shot hit Knowles in the neck. Knowles died two days later from the injury. Testimony at trial differed as to whether Holcomb and the other men struggled for the gun, whether Holcomb pointed the gun at Knowles before it discharged, or whether the gun discharged as Holcomb fell after being pushed. This evidence is sufficient to support the jury's verdict whether it was based on the finding Knowles died as a result of an intentional act by Holcomb or as a result of Holcomb's reckless conduct.[5]

---

[1] OCGA § 16-5-3 (a).

[2] OCGA § 16-5-21 (a) (2).

[3] OCGA § 16-11-106 (b) (1).

[4] OCGA § 16-5-1 (a), (c).

[5] See *Noble v. State*, 282 Ga. App. 311, 312-313 (638 SE2d 444) (2006) (involuntary manslaughter based on reckless conduct); *Tanner v. State*, 259 Ga. App. 94, 95 (1) (a) (576 SE2d 71) (2003) (aggravated assault with a deadly weapon); *Smith v. State*, 234 Ga. App. 314, 315 (1) (506 SE2d 659) (1998) (involuntary manslaughter based on pointing a pistol).

2. Holcomb argues that the trial court should have granted his motion for new trial because the jury returned mutually exclusive verdicts of involuntary manslaughter and aggravated assault, resulting in a reasonable probability that the jury found that Holcomb acted with both criminal intent (with the intent to harm) and criminal negligence (without the intent to harm).

"Verdicts are to have a reasonable intendment, are to receive a reasonable construction, and are not to be avoided unless from necessity."[6] Nevertheless, in the event that a reasonable probability exists that a jury returned a mutually exclusive verdict — the jury found that the defendant acted with both criminal intent and criminal negligence at the same instant regarding the same victim involving the same act — then we must reverse.[7]

In this case, Holcomb was found guilty of aggravated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)) and involuntary manslaughter (OCGA § 16-5-3). With regard to the count of aggravated assault, the trial court charged the jury that in order to find Holcomb had assaulted Knowles, they could do so in one of two ways pursuant to OCGA § 16-5-20, the underlying crime of simple assault. The trial court charged section (a) (1) of OCGA § 16-5-20, which states that a person commits assault when the person "[a]ttempts to commit a violent injury to the person of another." This subsection requires a showing of criminal intent on the part of the defendant. The trial court also charged the jury that they could find Holcomb had committed a simple assault pursuant to OCGA § 16-5-20 (a) (2), which states that a person is guilty of a simple assault if he "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury," requiring evidence only of criminal negligence on the part of the defendant.[8]

With regard to involuntary manslaughter as a lesser-included offense to malice murder and felony murder, the trial court instructed the jury in two ways: first, that the jury could determine that Holcomb had committed involuntary manslaughter by intentionally pointing a firearm at Knowles; and second, that the jury could determine that Holcomb had committed involuntary manslaughter by consciously disregarding a substantial and justifiable risk that his act or omission would cause the death of another.

Because "we cannot conclusively state that the verdict rested exclusively" on either criminal negligence *or* criminal intent "so as

---

[6] OCGA § 17-9-2.

[7] See *Flores v. State*, 277 Ga. 780, 783 (3) (596 SE2d 114) (2004). See also *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003) ("Verdicts are mutually exclusive where a guilty verdict on one count logically excludes a finding of guilt on the other.") (punctuation omitted).

[8] See *Jackson*, 276 Ga. at 411-412 (2).

to eliminate the reasonable probability that the jury might have returned a mutually exclusive verdict by finding [Holcomb] acted *with both* criminal intent and criminal negligence at the same time as to the same victim,"[9] it is necessary to reverse Holcomb's convictions and remand for a new trial.

3. Based on our conclusion in Division 2, we decline to address Holcomb's additional enumerations.

*Judgment reversed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JULY 13, 2011.

*Bruce S. Harvey*, for appellant.
*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.

---

[9] (Emphasis supplied.) Id. at 412-413, n. 5. See also *Dryden v. State*, 285 Ga. 281, 284 (676 SE2d 175) (2009); *Dunagan v. State*, 269 Ga. 590, 591-592 (2) (502 SE2d 726) (1998), distinguished by *Parker v. State*, 270 Ga. 256, 259 (4) (507 SE2d 744) (1998).