## S12A0489. TOMPKINS v. HALL.
(728 SE2d 621)

MELTON, Justice.

Following the grant of a petition for habeas corpus relief brought by Robert Nathaniel Hall, Billy Tompkins, Warden, appeals, contending that the trial court erred in its finding that cause and prejudice had been shown to raise the procedural bar on defaulted claims of ineffective assistance of counsel. For the reasons set forth below, we reverse.

Hall, along with co-defendants Joseph Scurry, Kevin Taylor, Demetra Stallings, and Norval Patten, was tried and convicted on November 8, 2002 for possession of marijuana with intent to distribute and trafficking in cocaine. Hall, who was on bond at the time, was tried in absentia because, after he attended the first few days of his trial, he fled and became a "fugitive from justice." See *Byrd v. Ricketts*, 233 Ga. 779 (213 SE2d 610) (1975).

At trial, Hall was represented by three attorneys, Bryant Callaway, Bruce Harvey, and Jack Boone. Following the trial, Callaway and Harvey filed a general motion for new trial on November 18, 2002. Thereafter, Hall replaced trial counsel, and, on December 3, 2002, Hall's new attorney, Derek Wright, filed an amended motion for new trial adding a non-specific claim that Hall "had been prejudiced by ineffective assistance of counsel." On January 17, 2003, the State filed a motion to dismiss, and, on February 7, 2003, the motion for new trial was dismissed because Hall remained a fugitive from justice. On February 10, 2003, Hall filed a notice of appeal of the dismissal, again stating as one of the grounds for his appeal the non-specific allegation that Hall "has been prejudiced by ineffective assistance of counsel." On May 15, 2003, Hall filed a motion to recuse the trial judge who dismissed his motion for new trial, or, in the alternative, a motion for arrest in judgment. In this motion, Hall argued for the first time that "the State may have misrepresented the availability of witnesses at trial"; "the failure to conduct a motion to suppress was reversible error"; and "the failure to sever the trial was reversible error." Hall listed these only as general errors; however, he did not contend that they were a basis for ineffective assistance of counsel. The motion to recuse was denied, and Wright withdrew as Hall's counsel on March 2, 2004. Thereafter, Hall retained Linda Sheffield, who based on the prior notice of appeal, filed a brief on Hall's behalf in the Court of Appeals. In this brief, Hall apparently raised specific allegations of ineffective assistance of trial counsel for the first time. Ultimately, the Court of Appeals dismissed Hall's case because he was still a fugitive from justice at the time that the notice of appeal was filed. *Hall v. State*, 271 Ga. App. 302 (609 SE2d 653) (2004).

On January 9, 2007, Hall filed a habeas corpus petition in which he contended that, in addition to errors committed by the trial court, he had received ineffective assistance of trial counsel because trial counsel failed to (1) prevent the admission of an unavailable co-defendant's statement in violation of *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004) and (2) pursue pre-trial motions to sever Hall's trial and suppress evidence. In an initial order, the habeas court determined that Hall had procedurally defaulted on all of his claims because he chose to become a fugitive from justice rather than pursuing them properly. See OCGA § 9-14-48 (d).[1] With regard to Hall's claims based on trial court error rather than ineffective assistance, the habeas court determined that Hall could not overcome the procedural bar of default by showing cause and actual prejudice. See, e.g., *Turpin v. Todd*, 268 Ga. 820 (2) (a) (493 SE2d 900) (1997). With regard to Hall's ineffective assistance claims, the habeas court emphasized that, while it was "in no way suggesting that [Hall] did in fact receive ineffective assistance of counsel," the ineffective assistance was sufficient cause to overcome the procedural bar. The trial court then stated, however, that an additional hearing would be necessary to determine whether actual *prejudice* existed that would be sufficient to overcome the procedural bar.

Following this additional hearing on Hall's claims of ineffective assistance, the habeas court entered a final order. In this order, it recharacterizes its prior order as follows: "[This habeas court] determined that [Hall] has established sufficient cause *and prejudice* to overcome the procedural bar to his ineffective assistance of counsel claim." (Emphasis supplied.) This finding appears to be directly contrary to the language of the prior order. The habeas court then went on to grant habeas relief based on grounds never raised by Hall, finding: "In short, the defense lawyers merely winged it without any preparations. As a result, there was no meaningful adversarial testing of the charges brought against Hall." The habeas court made no findings of actual prejudice with regard to the ineffective assistance claims that Hall actually did make. The habeas court also found merit in Hall's argument that there had been a *Crawford* violation

---

[1] OCGA § 9-14-48 (d) provides as follows:

The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted. In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice. . . .

during his trial, but it made no finding regarding Hall's claim that it was the result of ineffective assistance, or if any such ineffective assistance, if it existed, was harmful. The habeas court did note, however, that the challenged statement of Hall's co-defendant was introduced *over a Confrontation Clause objection* made by Hall's attorney.

Pretermitting the clear inconsistencies in the habeas court's orders and its highly questionable method of determining that the procedural bar had been overcome, the habeas court erred by reaching Hall's claims of ineffective assistance *at all* because they had previously been waived. It is well settled that any claim for ineffective assistance of counsel must be raised at the first practicable moment. See *Glover v. State*, 266 Ga. 183 (465 SE2d 659) (1996). Except for a blank claim with absolutely no specificity, Wright did not include in Hall's motion for new trial a claim of ineffective assistance based on either the contentions raised by Sheffield in Hall's habeas petition or the grounds improperly injected sua sponte by the habeas court. In turn, Sheffield, who replaced Hall, did not raise any claim on appeal to the Court of Appeals that Wright, as Hall's first post-conviction attorney, committed ineffective assistance by failing to properly raise specific contentions regarding trial counsel's performance. As a result, for purposes of Hall's habeas action, the only way he could reach acts of his trial counsel would have been a claim that Sheffield, as appellate counsel, committed ineffective assistance by failing to timely raise claims that Wright committed ineffective assistance. No such claim was raised, and, in its absence, the trial court erred by even considering Hall's contentions regarding ineffective assistance of trial counsel. The habeas court then compounded this error by inserting its own additional grounds, namely lack of preparation of trial counsel.

Moreover, even if Hall had properly presented a claim that Sheffield rendered ineffective assistance of appellate counsel, his habeas petition would still have to be denied.

> Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), to prevail on a claim of ineffective assistance of appellate counsel, the petitioner bears the burden of showing both that counsel's performance was deficient and that the deficiency prejudiced the appeal. *Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998). The deficiency prong " 'requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment.' " *Anderson v. State*, 285 Ga. 496, 498 (3) (678 SE2d 84)

(2009). Moreover, the petitioner " 'must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' [Cit.]" *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002). The prejudice prong requires the petitioner to show that there is " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Cit.]" *Hardeman v. State*, 281 Ga. 220, 221 (635 SE2d 698) (2006).

*Walker v. Hagins*, 290 Ga. 512, 512-513 (722 SE2d 725) (2012). To show the required prejudice, Hall would be required to show that, but for the errors of appellate counsel, that the outcome of his appeal would have been different in reasonable probability. Hall could not do this because, irrespective of any contention that there was ineffective assistance, he remained a fugitive from justice and his appeal would have been dismissed. Accordingly, the habeas court's grant of Hall's petition for habeas corpus must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 18, 2012.

*Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

*Jackson & Schiavone, George T. Jackson, Linda S. Sheffield*, for appellee.

*Robert D. James, Jr., District Attorney, Michael S. Carlson, Deborah D. Wellborn, Donald P. Geary, John S. Melvin, Assistant District Attorneys*, amici curiae.