## S13A1259. SULLIVAN v. KEMP.
### (749 SE2d 721)

BENHAM, Justice.

This Court granted Patrick Sullivan's certificate of probable cause to appeal the denial of his petition for habeas corpus. Because we agree with Sullivan that his appellate counsel's performance was deficient and there is a reasonable probability that counsel's error prejudiced the defense, we reverse the habeas court's ruling.

Details of this case are set forth in *Sullivan v. State*, 277 Ga. App. 738 (627 SE2d 437) (2006), in which the Court of Appeals affirmed Sullivan's convictions on the sole enumeration of error that the evidence was insufficient to support the verdict. The record shows while Sullivan was alone babysitting a one-year-old child, the child suffered serious brain injuries that, according to testimony presented at trial, were consistent with shaken baby syndrome. Further, according to the expert testimony, the child's injuries were inconsistent with Sullivan's explanation of how the injuries occurred. The evidence showed Sullivan informed the emergency operator when he called to report the child's injuries that the baby "fell off the couch." In a voluntary statement given to investigators, he first stated the child fell off the couch while he was out of the room but he later admitted to investigators that, upon discovering the child, he then shook the child in what he claimed was a playful manner in response to the child's crying. At trial, Sullivan testified that after he heard a thump and discovered the child on the floor crying, he shook and rocked the baby to try to get him to laugh. A witness testified that shortly after the child was taken to the hospital in an ambulance, Sullivan cried and stated, "I'm sorry, I didn't mean it." Sullivan was charged with cruelty to a child in the first degree, aggravated battery, aggravated assault with a deadly weapon (his hands), and giving a false name to a law enforcement officer. He was tried and convicted of aggravated

assault, for which he was sentenced to serve twenty years, and also convicted of the false name charge, for which he was sentenced to serve twelve months concurrently. His motion for new trial was denied and, on appeal of the aggravated assault conviction on the ground of insufficiency of the evidence, the Court of Appeals affirmed. Sullivan later filed his petition for a writ of habeas corpus in which he alleged ineffective assistance of appellate counsel on the ground that counsel failed to raise on appeal the additional ground that allegedly erroneous jury instructions had been given which, according to Sullivan, allowed the jury to find him guilty of aggravated assault on the basis of criminal negligence rather than criminal intent. Sullivan's petition for habeas relief was denied.

The trial transcript and record show the trial court charged the jury on the general definition of a crime set forth in OCGA § 16-2-1 (a) by stating that a crime involves "a joint operation of an act, or omission to act, and intention." Sullivan was not indicted for any offense involving criminal negligence, and neither party requested an instruction for reckless conduct as a lesser included offense of aggravated assault with a deadly weapon, for which a finding of criminal negligence would be sufficient to support a conviction. Compare *Bowers v. State*, 177 Ga. App. 36, 38 (1) (338 SE2d 457) (1985) (holding that the crime of reckless conduct is a lesser included offense of the crime of aggravated assault with a deadly weapon, a gun, based upon allegations the victim was actually shot). Nevertheless, the trial court went on to instruct that intent or criminal negligence is an essential element of any crime, that intent or criminal negligence may be shown in many ways, and also instructed on the definition of criminal negligence based upon the language of OCGA § 16-2-1 (b). The trial court then gave instructions on simple assault and aggravated assault with a deadly weapon, tracking the language of OCGA § 16-5-21 (a) (2), but the instruction did not specify that criminal intent to injure, as opposed to criminal negligence, is necessary to convict.[1] Trial counsel reserved objections to the charge. On appeal, Sullivan's

---

[1] The written instructions that were provided to the jury, from which the trial judge read during his charge to the jury, made no reference to the element of intent for aggravated assault but stated:An assault is:
    a. An attempt to commit a violent injury to the person of another; or
    b. An act which places another person in reasonable apprehension of immediately receiving a violent injury.
A person commits the offense of aggravated assault when that person assaults another person:
    a. With any object, device, or instrument which when used offensively against a person is likely to or actually does result in serious bodily injury.

court-appointed counsel, who was not the same lawyer as the appointed counsel who represented Sullivan at trial, raised only the issue of the sufficiency of evidence to convict. Appellate counsel testified at the habeas proceeding that he has practiced primarily criminal law since being admitted to the bar in 1997 but that Sullivan's was one of his first appellate cases. He admitted he simply missed the jury charge as ground for appeal because he was not aware of the line of cases that identified such an instruction as possible error. Appellate counsel acknowledged there was no strategic reason not to raise the issue on appeal. The habeas court denied relief, concluding that *Dunagan v. State*, 269 Ga. 590 (502 SE2d 726) (1998), in which this Court held a jury charge that improperly substituted criminal negligence for criminal intent as an element of the crime of aggravated assault was erroneous, is distinguishable. The habeas court concluded Sullivan had failed to show either the deficient performance or the prejudice that is necessary to establish ineffective assistance of counsel.

1. The threshold issue to examine with respect to whether Sullivan has demonstrated he was denied effective assistance of appellate counsel is to determine whether, as Sullivan argues, the jury instructions were erroneous and thus provided a ground for appellate reversal of his conviction for aggravated assault. We agree with the habeas court that the facts of this case are distinguishable from those in *Dunagan*, supra, because in *Dunagan* the judge improperly "gave several charges instructing the jury that criminal negligence could substitute for criminal intent." Id. at 591 (2). Here, the trial court did not expressly state that criminal negligence could be substituted for criminal intent in the commission of aggravated assault or any other crime charged in the indictment. Instead, as in *Holmes v. State*, 272 Ga. 517, 519 (7) (529 SE2d 879) (2000), the trial court charged the jury on the definition of criminal negligence as part of its general charge on the definition of a crime. But the instruction given in this case is also distinguishable from that given in *Holmes*, in which

> [t]he trial court specifically instructed the jury on the required elements of the offense of aggravated assault, including the instruction that in order to convict it must find either an intention to commit injury on another person or that the other person was intentionally placed in reasonable apprehension of immediately receiving a violent injury.

Id. (Punctuation omitted.) Compare also *Mize v. State*, 277 Ga. 148,

149 (2) (586 SE2d 648) (2003) (affirming conviction for felony murder predicated upon aggravated assault where the trial court charged the definition of criminal negligence as part of the general charge on definition of a crime but also expressly instructed the jury on the required elements of aggravated assault). By contrast, the charge on aggravated assault given in Sullivan's trial made no reference to intent. Having previously instructed the jury that "[i]ntent or criminal negligence is an essential element of any crime," we agree that the jury could have been misled into believing it could convict for aggravated assault even if the evidence showed only criminal negligence, not criminal intent to commit the aggravated assault.[2] To make matters worse, the prosecutor stated in closing: "This is a criminal negligence case," and also stated that the State had proved criminal negligence concerning the aggravated battery and cruelty to child count, both of which require evidence of malice, not criminal negligence. The prosecutor further stated the defendant "shook that baby in a criminally negligent manner . . . ." In fact, in closing argument the prosecutor acknowledged Sullivan did not intend to injure the child but that he intended to shake the baby and did so in a criminally negligent manner. It is reasonable to assume that these misstatements in closing argument may have exacerbated the error and created confusion with respect to the intent required for conviction.

Even though criminal negligence was not an issue in any crime charged in the indictment, it has long been held that it is not per se erroneous to instruct on criminal negligence as part of the definition of a crime. See *Smith v. State*, 238 Ga. 146, 148 (2) (231 SE2d 757) (1977); *Holland v. State*, 172 Ga. App. 444, 445 (2) (323 SE2d 632) (1984). In this case, however, we hold it was erroneous for the trial court to give instructions regarding the definition of criminal negligence when it did not also specifically instruct, as in the *Holmes* case, supra, that conviction for aggravated assault requires a finding of criminal intent.

2. We next consider whether appellate counsel's failure to raise the issue of the erroneous jury charges in the appeal meets the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U. S. 668, 687-688 (104 SCt 2052, 80 LE2d 674) (1984). This standard is applicable to claims of ineffective assistance of appellate counsel and "consists of a two-prong analysis: first,

---

[2] To support a conviction for aggravated assault with a deadly weapon predicated upon OCGA § 16-5-20 (a) (1) the State is required to prove specific intent to injure. See *Guyse v. State*, 286 Ga. 574, 577 (690 SE2d 406) (2010) (the method of simple assault set forth in OCGA § 16-5-20 (a) (1) "is a specific intent crime requiring proof that the defendant intended to violently injure someone"); *Holmes v. State*, supra, 272 Ga. at 519.

counsel's performance must have been deficient, and second, the deficiency must have prejudiced the defense." *Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998). With respect to the issue of deficient performance, regardless of the relative strengths and weaknesses of the errors actually. enumerated in the appeal and those not raised, "the controlling principle is whether appellate counsel's decision was a reasonable tactical move which any competent attorney in the same situation would have made." *Shorter v. Waters*, 275 Ga. 581, 584 (571 SE2d 373) (2002) (citation and punctuation omitted). In this case, the undisputed evidence shows appellate counsel's failure to raise the jury charge as an error in the appeal was not subjectively a strategic decision but was based upon his lack of understanding of or familiarity with the relevant law. We conclude the failure to raise this claim fell below an objective standard of reasonableness and establishes appellate counsel's performance was deficient. See *Benham v. State*, 277 Ga. 516, 517-518 (591 SE2d 824) (2004); *Kirkland v. State*, 274 Ga. 778 (1) (560 SE2d 6) (2002).

With respect to the issue of prejudice to the defense, Sullivan must show a reasonable probability exists that the outcome of his appeal would have been different, but for appellate counsel's error. See *Tompkins v. Hall*, 291 Ga. 224, 227 (728 SE2d 621) (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Walker v. Hagins*, 290 Ga. 512, 512-513 (722 SE2d 725) (2012) (citations and punctuation omitted). Sullivan argues that confusion in the jury charge authorized the jury to convict upon a mistaken belief that a showing of criminal negligence was all that was required to convict on the charge of aggravated assault. The Court of Appeals has already determined that the trial evidence was sufficient to support the conviction for aggravated assault. *Sullivan*, supra, 277 Ga. App. at 740. But the Court of Appeals did not specifically address whether the evidence was sufficient to convict under a criminal intent standard as opposed to a criminal negligence standard.[3] Pursuant to the facts of this case, the probability that Sullivan's conviction would have been reversed had this additional ground been raised depends upon whether the erroneous jury instructions would likely have been deemed harmless error because the substantial weight of the evidence was inconsistent with criminal

---

[3] In *Battles v. Chapman*, supra, this Court had previously held on appellate review that the evidence was sufficient for the jury to have found the habeas petitioner guilty beyond a reasonable doubt and yet we reversed the order of the habeas court because we found ineffective assistance of appellate counsel for failure to raise erroneous jury instructions as an enumeration of error. See also *Stanford v. Stewart*, 274 Ga. 468, 470 (554 SE2d 480) (2001).

negligence and would not support a finding of criminal negligence rather than actual criminal intent.

In the *Sullivan* opinion, the Court of Appeals recited the evidence that the child's severe injuries were inconsistent with Sullivan's explanation for the injuries. According to expert witnesses, the degree of force required to cause the injuries was "commensurate with an unrestrained child hitting the pavement during a high speed automobile collision." *Sullivan*, id. at 741. Certainly, this demonstrates that the injuries were not the result of a gentle shaking, as Sullivan testified. It demonstrates that Sullivan shook the child with such force that a jury could find he knew or should have known serious injury would likely be inflicted. But we cannot say that the evidence was inconsistent with a finding of criminal negligence or that, conversely, it required a finding of criminal intent.

The trial court instructed the jury on the statutory definition of criminal negligence, stating it "is an act or failure to act which demonstrates a willful, wanton, or reckless disregard for the safety of others who might reasonably be expected to be injured thereby." OCGA § 16-2-1 (b).

> Criminal negligence as used in the statutes of this State means not merely such negligence as might be the foundation of a damage suit, but reckless and wanton negligence and of such a character as to show an utter disregard for the safety of others who might reasonably be expected to be injured thereby.

*Chapman v. State*, 266 Ga. 356, 359 (5) (467 SE2d 497) (1996) (citations and punctuation omitted). It "necessarily implies, not only knowledge of probable consequences which may result from the use of a given instrumentality, but also wilful or wanton disregard of the probable effects of such instrumentality upon others likely to be affected thereby." *Bohannon v. State*, 230 Ga. App. 829, 830-831 (1) (b) (498 SE2d 316) (1998) (citations and punctuation omitted) (finding the evidence sufficient to support a conviction for involuntary manslaughter with reckless conduct, defined as criminal negligence, serving as the underlying unlawful act where defendant, while in a drunken state, took a child away from the safety of a babysitter and placed the child in bed with defendant who rolled on top of the child causing death by asphyxiation). The trial court provided no instruction whatsoever regarding the element of intent necessary to support a conviction for aggravated assault. In fact, to support a conviction for aggravated assault with a deadly weapon requires a showing of

intent to injure. See *Guyse v. State*, 286 Ga. 574, 577 (2) (690 SE2d 406) (2010); *Turner v. State*, 281 Ga. 487, 489 (1) (b) (640 SE2d 25) (2007).

Evidence was presented from which a jury could find Sullivan did not intend to injure the victim. In fact, as noted, in closing argument the prosecutor acknowledged Sullivan did not intend to injure the child.[4] If the jury concluded from the evidence, as the prosecutor urged, that Sullivan had unintentionally harmed the victim, the jury would be authorized to find him criminally negligent, but that would not support a conviction for aggravated assault as charged in this case. Compare *Waugh v. State*, 263 Ga. 692, 694-695 (5) (437 SE2d 297) (1993) (discussing the distinction between conduct that may be merely criminally negligent or reckless with conduct which, by its nature, may only be considered a criminally intended act). Instead, a finding of criminal negligence would support a conviction for reckless conduct, a misdemeanor which carries a significantly lower sentence than the felony of aggravated assault with a deadly weapon. Compare *Baker v. State*, 280 Ga. 822 (1) (633 SE2d 541) (2006) (evidence of child endangerment supported a conviction for misdemeanor reckless conduct); *Bohannon*, supra. In fact, given the prosecutor's closing argument a reasonable probability exists that the jury erroneously convicted on the charge of aggravated assault upon a finding of criminal negligence and not criminal intent.

The circumstances of this case demonstrate a reasonable probability exists that the outcome of the appeal would have been different if the issue of the deficient jury charge had been raised on appeal. Since both prongs of the *Strickland* standard for establishing ineffective assistance of counsel are met in this case, we reverse the order denying Sullivan's petition for habeas relief.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 7, 2013.

*Laura G. Hastay*, for appellant.

*Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel M. King, Jr., Assistant Attorney General*, for appellee.

---

[4] The jury, in fact, acquitted Sullivan of the two charges that required proof of intent — the aggravated battery charge and the first-degree cruelty to a child charge.