**UNITED STATES of America,**
**Plaintiff,**

v.

**Pablo ALVAREZ-JIMENEZ,**
**Defendant.**

**CASE NO. 14cr1694 WQH**

United States District Court,
S.D. California.

Signed 11/23/2015

Debra Ann DiIorio, Esq., San Diego, CA, for Defendant.

Mark R. Rehe, Assistant U.S. Attorney, San Diego, CA, for Plaintiff.

## ORDER

HAYES, Judge

The matter before the Court is the objection to the sixteen level upward adjustment to the United States Sentencing Guidelines (U.S.S.G.) § 2L1.2(a) filed by Defendant. (ECF No. 38).

## BACKGROUND

On June 12, 2014, an Information was filed charging that Defendant Pablo Alvarez–Jimenez, an alien, who had been removed from the United States, was found in the United States in violation of 8 U.S.C. § 1326(a) and (b). (ECF No. 9).

On July 31, 2014, Defendant entered a plea of guilty to the Information pursuant to a Plea Agreement. In the Plea Agreement as amended by the Sentencing Agreement, Defendant admitted that the following fact was true and undisputed:

> "On or about December 17, 2013, defendant suffered a felony conviction for Aggravated Assault, in the Superior Court of Georgia, County of Muscogee, case number SU13CR1097."

(ECF No. 20 at 3, ECF No. 51 at 2). In the presentence report, probation recommended a sixteen level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A) on the grounds that Defendant was removed from the United States after suffering a felony conviction for a crime of violence, specifically, aggravated assault in Muscogee County, Georgia, Superior Court, Docket No. SU13CR1097.

U.S.S.G. § 2L1.2(b)(1)(A)(ii) applies a 16–level sentencing enhancement to a defendant convicted under 8 U.S.C. § 1326 when the "defendant previously was deported" after a conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Application Note to Guidelines § 2L1.2 defines a "crime of violence" as any one of several enumerated offenses, including "aggravated assault." U.S.S.G. § 2L1.2 n. 1(b)(iii).

## CONTENTIONS OF THE PARTIES

Defendant asserts that the conviction documents in SU13CR1097 do not specify the statute of conviction, and that aggravated assault in the State of Georgia is not

a "crime of violence" because it can be committed with mere negligence. Plaintiff United States contends that record establishes that the statute of conviction in SU13CR1097 was Ga.Code Ann. (OCGA) § 16–5–21(a)(2). Plaintiff United States contends that aggravated · assault under Ga.Code Ann § 16–5–21(a)(2) requires intentional conduct and cannot be committed with a reckless or negligent mens rea.

## ANALYSIS

### Statute of conviction

■ "The burden is on the government to submit judicially-noticeable documents demonstrating the prior statute of conviction." *United States v. Pimentel–Flores*, 339 F.3d 959, 968 (9th Cir.2003). In this case, the Government has submitted the Judgment in SU13CR1097 from the Superior Court of Muscogee County, State of Georgia stating in part "the Defendant is adjudged guilty or sentenced … For the above-stated offenses … Count 1 AGG ASSAULT"; the . Bill of Indictment in SU13CR1097 signed by the Defendant indicating a guilty plea to Count 1 and 6–12 of the Indictment; and the Indictment in SU13CR1097. (ECF No. 49).

OCGA § 16–5–21(a)(2) provides in relevant part: "A person commits the offense of aggravated assault when he or she assaults: … (2) With a deadly weapon." The indictment in Count 1 of SU13CR1097 states, "The Grand Jurors … charge and accuse PABLO · ALVAREZ JIMENEZ with the offense of Aggravated Assault in that the said accused … on or about the 27th day of May 2013, did knowingly make an assault upon the person of Ms. Patricia Santoyo–Martinez with an automobile, a deadly weapon, contrary to the laws of said State, the good order, peace, and dignity thereof." (ECF No. 49 at 11).

The indictment in SU13CR1097 charges a violation of OCGA § 16–5–21(a)(2). *See* OCGA § 17–7–54(a) ("Every indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct."), *Crabb v. State*, 88 Ga. 584, 15 S.E. 455 (Ga.1892) ("It has never been contended, as far as we are aware, since the adoption of the Code, that an indictment should specify a particular section thereof …). The indictment directly tracks the language of OCGA § 16–5–21(a)(2). The Court concludes that the Government has carried its burden to clearly demonstrate the prior statute of conviction in SU13CR1097 was OCGA § 16–521(a)(2). *See United States v. Cabrera–Perez*, 751 F.3d 1000, 1006 (9th Cir. 2014) (finding the record sufficient where the counts "track the language" of the subpart of the statute).

### Crime of violence

Defendant asserts that aggravated assault under OCGA § 16–5–21(a)(2) does not qualify as a categorical crime of violence because "an aggravated assault can be committed with mere negligence." (ECF No. 38 at 5). The Government asserts that Georgia state law makes clear that the assault element of aggravated assault "cannot be satisfied by reckless conduct … [or] criminal negligence." (ECF No. 41 at 5–6).

■ The court uses the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), to determine whether a defendant's prior conviction satisfies the Guidelines definition of a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *United States v. Pimentel–Flores*, 339 F.3d 959, 968 (9th Cir. 2003). Under this approach the state stat-

ute of conviction is "compared with the generic definition of that crime to determine if the defendant's conviction is a crime of violence pursuant to the Sentencing Guidelines." United States v. Velasquez-Reyes, 427 F.3d 1227, 1229 (9th Cir. 2005). In United States v. Esparza-Herrera, 557 F.3d 1019, 1025 (9th Cir.2009), the Court of Appeals examined whether the Arizona conviction for aggravated assault "corresponds with the Guidelines definition of aggravated assault." Id. at 1022. Esparza Herrera argued that "Arizona law permits an aggravated assault conviction for ordinary recklessness while the Model Penal Code requires a heightened form of recklessness." Id. The Court of Appeals explained:

> We do not use the common sense approach. Instead, we must apply the categorical approach "even when the object offense is enumerated as a per se crime of violence under the Guidelines." [United States v.] Rodriguez-Guzman, 506 F.3d [738], 744 [ (9th Cir.2007) ]. In applying the categorical approach to a "traditional crime" such as aggravated assault, "we derive [the crime's] uniform meaning from the generic, contemporary meaning employed by most states, guided by scholarly commentary." United States v. Gomez-Leon, 545 F.3d 777, 790 (9th Cir.2008). The Model Penal Code "serve[s] as an aid" in determining an offense's generic meaning. Rodriguez-Guzman, 506 F.3d at 744 (citing Taylor, 495 U.S. at 598, 110 S.Ct. 2143). We derive the meaning of an enumerated Guidelines crime not from the offense's ordinary meaning but rather by surveying the Model Penal Code and state statutes to determine how they define the offense. Thus even if A.R.S. § 13–1204(A)(11) is equivalent to aggravated assault "as we generally understand that term," United States v. Izaguirre-Flores, 405 F.3d 270, 275 (5th Cir.2005),

we must conclude that Esparza–Herrera's prior conviction was not for generic aggravated assault if together the Model Penal Code and most states define aggravated assault more narrowly than does the Arizona statute.

Id. at 1023. The Court of Appeals examined the Model Penal Code and stated:

> We hold that under the categorical approach, assessing the law of other jurisdictions and scholarly comment, ordinary recklessness is a broader mens rea requirement for aggravated assault than is "recklessness under circumstances manifesting extreme indifference to human life." (MODEL PENAL CODE) Accordingly, we conclude that A.R.S. § 13–1204(A)(11) is broader than the Model Penal Code's definition of aggravated assault because the Arizona statute alone encompasses acts done with ordinary recklessness.

Id. The Court of Appeals "determine[d] whether most states follow the Model Penal Code in requiring more than ordinary recklessness to sustain an aggravated assault conviction" and concluded that the Arizona statute "encompasses conduct beyond aggravated assault, as it is defined by the Model Penal Code and a majority of states, and therefore a conviction under that statute under our precedent is not a conviction for a crime of violence under Guidelines § 2L1.2(b)(1)(A)(ii)." Id. at 1025. The Court of Appeals held that "[u]nder the categorical approach, aggravated assault requires a mens rea of at least recklessness 'under circumstances manifesting extreme indifference to the value of human life.'" Id. quoting the MODEL PENAL CODE § 211.1(2)(a).

## The Georgia Statute

██ "A person commits the offense of aggravated assault when he or she assaults: . . . (2) With a deadly weapon . . ."

OCGA § 16–5–21(a)(2). "A person commits the offense of simple assault when he or she either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16–5–20(a)(1)–(2).

"Aggravated assault has two elements: (1) commission of a simple assault as defined by OCGA § 16–5–20; and (2) the presence of one of three statutory aggravators. *See* OCGA § 16–5–21(a)." *Guyse v. State*, 286 Ga. 574, 576, 690 S.E.2d 406 (2010). "[S]imple assault ... can be committed in two ways: (1) by attempting to violently injure someone; and (2) by doing something that places another in reasonable fear that he or she is about to be violently injured." *Id.* at 577, 690 S.E.2d 406. "[T]he second form of simple assault is a general intent crime, meaning the State need only prove that the defendant intended to do the act that placed another in a reasonable apprehension of immediate violent injury." *Id.*

The issue in this case involves the general intent crime committed under OCGA § 16–5–20(a)(2) which requires that the person "Commits an act which places another in reasonable apprehension of immediately receiving a violent injury."[1] In *Dunagan v. State*, 269 Ga. 590, 502 S.E.2d 726 (1998), overruled on other grounds, *Parker v. State*, 270 Ga. 256, 507 S.E.2d 744 (1998), the Supreme Court of Georgia reversed Defendant's conviction for felony murder based on an assault by the use of a deadly weapon, OCGA § 16–5–21(a)(2). Defendant asserted that the jury instructions "improperly authorized" the jury to convict him "based solely on criminal negligence, rather than his criminal intent." *Id.* at 591, 502 S.E.2d 726. The Court

concluded that the language of OCGA § 16–5–20(a)(2) requires "the criminal intent to commit the acts which caused the victim to be reasonable apprehensive of receiving a violent injury...." *Id.* at 593, 502 S.E.2d 726. The Court stated, "[t]he trial court's charges that criminal negligence can substitute for criminal intent were ... error under the alternate ground underlying the felony murder conviction, aggravated assault with a deadly weapon based on OCGA § 16–5–20(a)(2)." *Id.*

In *Holmes v. State*, 272 Ga. 517, 529 S.E.2d 879 (2000), the Supreme Court of Georgia affirmed Defendant's conviction of malice murder, felony murder, and aggravated assault. The Court stated,

> The trial court specifically instructed the jury on the required elements of the offense of aggravated assault, including the instruction that in order to convict it must find either "an intention to commit injury on another person" or "that the other person was intentionally placed in reasonable apprehension of immediately receiving a violent injury." Unlike the charge in *Dunagan v. State*, 269 Ga. 590, 591, 502 S.E.2d 726 (1998), overruled on other grounds, *Parker v. State*, 270 Ga. 256, 507 S.E.2d 744 (1998), the trial court did not instruct the jury that criminal negligence could substitute for criminal intent in the commission of an aggravated assault.

*Id.* at 519–520, 529 S.E.2d 879. *See also Guyse v. State*, 286 Ga. at 577, 690 S.E.2d 406 ("[T]he second form of simple assault is a general intent crime, the State need ... prove that the defendant intended to do the act that placed another in reasonable apprehension of immediate violent injury...."); *Sullivan v. Kemp*, 293 Ga. 770, 773, 749 S.E.2d 721 (2013) ("In this case,

---

1. "A general intent crime can satisfy the generic definition of a 'crime of violence.'" *United States v. Laurico–Yeno*, 590 F.3d 818, 822 n. 4 (9th Cir.2010).

however, we hold it was erroneous for the trial court to give instructions regarding the definition of criminal negligence when it did not also specifically instruct, as in the *Holmes* case, supra, that conviction for aggravated assault requires a finding of criminal intent.").

The Supreme Court of Georgia has concluded that the simple assault element of OCGA § 16–5–20(a)(2) requires "the criminal intent to commit the acts which caused the victim to be reasonably apprehensive of receiving a violent injury." *Dunagan*, 269 Ga. at 594, 502 S.E.2d 726. The Georgia Court has repeatedly held that criminal negligence cannot substitute for criminal intent in the commission of an aggravated assault. *See Holmes*, 272 Ga. at 520, 529 S.E.2d 879, *Sullivan*, 293 Ga. at 737, 749 S.E.2d 721. Defendant relies upon *Allaben v. State*, 294 Ga. 315, 751 S.E.2d 802 (Ga.2013) to support his position that § 16–5–20(a)(2) can be "accomplished via negligence." (ECF No. 43 at 6). In *Allaben*, the Supreme Court of Georgia concluded that a guilty verdict for malice murder was mutually exclusive of a verdict for reckless conduct. The Court concluded that "an aggravated assault charge may be predicated on OCGA § 16–5–20(a)(1) (assault by attempting 'to commit a violent injury to the person of another'), which requires specific criminal intent and would be mutually exclusive of a verdict for a crime of criminal negligence." *Id.* at 321, 751 S.E.2d 802. The Court further stated, that "[a]lternatively, such a charge may be predicated on OCGA § 16–5–20(a)(2) (as-

sault by placing the victim "in reasonable apprehension of immediately receiving a violent injury"), which does not require a specific intent toward the victim and would not be mutually exclusive of a verdict based on negligence." *Id. Allaben* was overruled by *State v. Springer*, 297 Ga. 376, 774 S.E.2d 106 (2015). In *Springer*, the Supreme Court stated, "We, therefore, overrule *Jackson [v. State*, 286 Ga. 407, 688 S.E.2d 351 (2010)] and its progeny [2] and hold that where the evidence authorizes a finding that a defendant's reckless conduct is an included crime in an aggravated assault, verdicts finding him guilty of both of those offenses are not mutually exclusive." *Id.* at 383, 774 S.E.2d 106.

Defendant asserts that *Springer* "overruled *Jackson* ... only with regard to *Jackson's* contention that recklessness and specific intent were necessarily at odds with one another." (ECF No. 43 at 8). Defendant contends that *Allaben* still stands for the proposition that " § 16–5–20(a)(2) can be accomplished via negligence." [3] (ECF No. 43 at 8). This Court concludes that the *Allaben* does not demonstrate that negligent or reckless conduct will support a conviction under OCGA § 16–5–20(a)(2) for aggravated assault with a deadly weapon. The repeated holding of the Supreme Court of Georgia that aggravated assault requires a finding of criminal intent which cannot be satisfied by criminal negligence demonstrates that the statute requires criminal intent to commit "an act that placed another in reason-

---

**2.** "These cases include *Allaben v. State*, 294 Ga. 315, 751 S.E.2d 802 (2013); *Walker v. State*, 293 Ga. 709, 749 S.E.2d 663 (2013); *Dryden v. State*, 285 Ga. 281, 282–283, 676 S.E.2d 175 (2009); *Flores v. State*, 277 Ga. 780, 596 S.E.2d 114 (2004); *Holcomb v. State*, 310 Ga.App. 853, 714 S.E.2d 407 (2011) ; and *Reddick v. State*, 264 Ga.App. 487, 591 S.E.2d 392 (2003)." *Springer*, at FN.4 (emphasis added).

**3.** Defendant also point to *Holcomb v. State*, 310 Ga.App. 853, 714 S.E.2d 407 (2011) to show that "Georgia trial courts permit juries to convict defendants for a violation of § 16–5–20(a)(2) based on criminal negligence." (ECF No. 43 at 9). *Holcomb* was overruled by *Springer*.

able apprehension of immediate violent injury." OCGA § 16–5–20(a)(2).

Finally, Defendant contends that "the fact that the parties have not found any appellate cases squarely affirming a conviction based on negligence and 16–5–20(a)(2) does not mean such cases do not take place at the trial level." (ECF No. 43 at 9). This argument is contrary to the instruction of the United States Supreme Court in *Gonzales v. Duenas–Alvarez,* 549 U.S. 183, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007),

> to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

*Id.* at 193, 127 S.Ct. 815. Defendant has not cited this court to any case in which the Georgia aggravated assault statute was applied outside the generic definition of aggravated assault in the MODEL PENAL CODE § 211.1(2)(a) to encompass negligent conduct. The Court concludes that Defendant's conviction in SU13CR1097 for aggravated assault pursuant to OCGA § 16–5–21(a)(2) corresponds to the Guidelines definition of aggravated assault.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's objection (ECF No. 38) to the sixteen level upward adjustment to the U.S.S.G. § 2L1.2(a) is overruled.

**J.M.M. et al., Plaintiffs**